IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| KARLA GRIMES § | | CIVIL ACTION NO |
| PLAINTIFF § | | |
| § | | |
| V. § | | 7:10-cv-00067-RAJ |
| § | | |
| WAL-MART STORES TEXAS, LLC § | | |
| § | | |
| DEFENDANT § | | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL
DESIGNATION OF EXPERT WITNESSES**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Karla Grimes ("Plaintiff") files this Motion for Leave to File Supplemental Designation of Expert Witnesses and would respectfully show the Court as follows:

1. This is an employment discrimination lawsuit. Plaintiff alleges that her employment was terminated because of her sex in violation of Title VII and/or because of her association with a person with a disability (her son who is a special needs child) in violation of the Americans with Disabilities Act.

2. In compliance with the Scheduling Order, Plaintiff filed her Designation of Expert Witnesses on March 9, 2011, and Defendant filed its Designation of Expert Witnesses on April 6, 2011.

3. Plaintiff moves the Court to allow her to file a Supplemental Designation of Expert Witnesses. Plaintiff has retained Julie Moore, founder and president of Employment Practices Group. Ms. Moore's report was provided to Defendant on May 16, 2011, and the parties attended an unsuccessful mediation on May 17, 2011.

4. In determining whether to grant a motion for leave to designate experts and file an expert report after the deadline provided by the Scheduling Order, the Court should consider the following factors: "1) the explanation for the failure to identify the witness; 2) the importance of the testimony; 3) potential prejudice in allowing the testimony; and 4) the availability of a continuance to cure such prejudice." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998), *cert. denied*, 525 U.S. 1068 (1999); *Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir. 1990).

**Explanation for Failure to Identify Expert Sooner**

5. The need for an expert was not apparent until a certain amount of discovery occurred. Specifically, the depositions of Marcello Brown and Roy Adams were taken on April 1, 2011 and May 2, 2011 respectively. As the Market (district) Manager, Adams was Plaintiff's immediate supervisor. Brown was the Market (district) Human Resources Manager. Brown conducted the investigation that lead to Plaintiff's termination. Defendant supplemented its document production and produced additional documents relating to the investigation on April 28, 2011 and May 12, 2011. Plaintiff requested expedited transcription of Mr. Adams' deposition, which was received on May 5, 2011. Ms. Moore reviewed extensive materials and prepared her report dated on May 16, 2011, and Plaintiff identified Ms. Moore and provided her report the same day.

**Importance of the Testimony**

6. Ms. Moore's expertise as a human resources consultant is important because it will assist the jury in evaluating and understanding the process that led to Plaintiff's termination. Defendant has numerous complicated policies and procedures. Ms. Moore's opinions include but are not limited to the following:

   a. Defendant failed to abide by sound employment practices or its own policies in connection with the investigation into alleged misconduct and the decision to demote and give a decision-making day to Plaintiff.

   b. Defendant failed to abide by sound employment practices or its own policies in connection with the termination of Plaintiff.

**Potential Prejudice and Availability of Continuance**

   7. Although Defendant opposes Plaintiff's late designation of Ms. Moore, Plaintiff and Defendant jointly moved to modify the scheduling order. (Dkt. No. 12) The Court granted the Joint Motion and entered an Amended Scheduling Order on May 20, 2011. (Dkt. No. 13) The case is now not set for trial until March 5, 2012, and dispositive motions are not due until November 4, 2011. Plaintiff suggested an extension of the discovery deadline, and Defendant would only agree to continue discovery on a limited basis. Plaintiff does not oppose further discovery relating to Ms. Moore's report. Plaintiff anticipates that Defendant will file a *Daubert* challenge. Justice will be served by allowing the late designation so Ms. Moore's qualifications and opinions can be evaluated on their merits. There is adequate time so that Defendant is not prejudiced by the late designation.

   8. The decision whether to allow the late designation of an expert is subject to review as an abuse of discretion. *Metro Ford*, 145 F.3d at 324; *Geiserman,* 893 F.2d at 790. Plaintiff requests that the Court exercise its sound discretion to allow the late designation in the interest of justice.

WHEREFORE, Plaintiff respectfully prays that the Court grant her Motion for Leave to File Supplemental Designation of Expert Witnesses, and for such other and further relief, at law or in equity, to which Plaintiff may show herself justly and lawfully entitled.

Respectfully submitted,

By:   /s/ Holly B. Williams
     Holly B. Williams
     Texas Bar No. 00788674

**WILLIAMS LAW FIRM, P. C.**
1209 W. Texas Avenue
Midland, TX 79701
432-682-7800
432-682-1112 (fax)
holly@williamslawpc.com

**ATTORNEY FOR PLAINTIFF
KARLA GRIMES**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Nancy Waters, counsel for Defendant Wal-Mart Stores Texas, LLC, on May 18, 2011, who advised that her client is opposed to the relief sought in this motion.

/s/ Holly B. Williams
Holly B. Williams

## VERIFICATION

STATE OF TEXAS § 
§ 
MIDLAND COUNTY §

On this day, Holly B. Williams appeared before me, the undersigned notary public. After I administered an oath to her, upon her oath, she said that she read the foregoing Motion and that the facts stated in it are within her personal knowledge and are true and correct.

/s/ Holly B. Williams
_____
Holly B. Williams, Affiant

SWORN TO and SUBSCRIBED before me by Holly B. Williams on May 20, 2011.

/s/ Kayla Sheen
_____
Notary Public in and for the State of Texas
My Commission Expires April 08, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2011, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Western District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means:

Nancy L. Waters
Geary, Porter & Donovan, P.C.
16475 Dallas Parkway, Ste. 400
Addison, Texas 75001-6837

/s/ Holly B. Williams_____
Holly B. Williams